A CERTIFIED TRUE COPY
ATTEST

By Dana Stewart on Apr 01, 2010

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**FILED**
APR - 1 2010
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Apr 01, 2010

FILED
CLERK'S OFFICE

IN RE: MUSICAL INSTRUMENTS AND
EQUIPMENT ANTITRUST LITIGATION
Donnie Collins v. Guitar Center, Inc., et al.,
E.D. Tennessee, C.A. No. 3:09-531

09md2121- LAB(POR)

MDL No. 2121

# TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiff in this Tennessee action moves pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), asking the Panel to vacate its order conditionally transferring the action to the Southern District of California for inclusion in MDL No. 2121. Defendants National Association of Music Merchants, Inc. (NAMM) and Guitar Center, Inc., and plaintiffs in several previously centralized MDL No. 2121 actions oppose the motion.

After considering all argument of counsel, we find that this action involves common questions of fact with actions in this litigation previously transferred to the Southern District of California, and that transfer of this action to the Southern District of California for inclusion in MDL No. 2121 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We further find that transfer of this action is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Southern District of California was a proper Section 1407 forum for actions involving claims relating to an alleged conspiracy among NAMM, retailers and manufacturers to fix, raise, maintain or stabilize the prices of musical instruments and/or equipment in violation of federal antitrust statutes or state law. *See In re: Fretted Musical Instruments Antitrust Litigation*, 657 F.Supp.2d 1379 (J.P.M.L. 2009). Any concerns by plaintiff's counsel regarding his role in MDL proceedings and/or his ability to affect case management decisions should be directed to the transferee judge.

Plaintiff can present his motion for remand to state court to the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

---

[*] Judges Miller and Trager took no part in the disposition of this matter.

I hereby attest and certify on 4/1/10
That the foregoing document is a full, true and correct
copy of the original on file in my office and in my legal
custody.
CLERK, U.S DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ Deputy

-2-

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Southern District of California and, with the consent of that court, assigned to the Honorable Larry A. Burns for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

| Robert L. Miller, Jr.* | Kathryn H. Vratil |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | David G. Trager* |