# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| DONNIE COLLINS, | 09md2121 |
|---|---|
| Plaintiff, | CASE NO. 10cv755-LAB (POR) |
| vs. | **ORDER OF REMAND** |
| GUITAR CENTER, INC. et al., | |
| Defendants. | |

On December 4, 2009, Defendants removed this action from the Chancery Court for Knox County, Tennessee to the U.S. District Court for the District of Tennessee. Plaintiff filed a motion to remand (the "Motion"). While the Motion was pending, the case was transferred by the Panel on Multidistrict Litigation to the U.S. District Court for the Southern District of California as part of *In re: Musical Instruments and Equipment Antitrust Litigation*, Docket number 09md2121. The case was stayed during this time and the Motion remained pending. On June 4, the Court issued an order setting a briefing schedule on the Motion. The Motion is now fully briefed and ready for disposition.

Defendants removed this putative class action, citing as the sole basis for jurisdiction the Class Action Fairness Act of 2005, and specifically the diversity provisions of 28 U.S.C. § 1332(d). The action is brought exclusively under Tennessee state law. Plaintiff is a resident of Kentucky and Defendants are citizens of New York, Delaware, and California. Although Plaintiff specifically disclaimed any recovery in excess of $74,999 per class

member, and any recovery in excess of $4,999,999 for all claims, Defendants argue the amount in controversy is in fact met.

The Motion requests an award of attorney's fees under 28 U.S.C. § 1447 because, Plaintiff argues, Defendants lacked an objectively reasonable basis for removal.

## I.   Legal Standards

The parties agree the Court should apply Ninth Circuit law in determining whether remand is required. The removal statute is strictly construed against removal jurisdiction, and any doubt must be resolved in favor of remand. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). The removing party bears the burden of showing that this Court has jurisdiction, which includes showing the amount in controversy requirement is met. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

If Plaintiffs have pleaded an amount in controversy less than the $5 million jurisdictional amount, Defendants must prove to a "legal certainty" that the amount in controversy exceeds that threshold. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the face of the complaint does not plead a lesser amount, Defendants must show by a preponderance of evidence that the threshold is met. *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997); *Behrazfar v. Unisys*, 687 F. Supp. 2d 999, 1001 (C.D.Cal., 2009). If jurisdiction is lacking, the Court must immediately remand the case. *Strasser v. KLM Royal Dutch Airlines*, 631 F. Supp. 1254, 1258 (C.D.Cal. 1986).

Under CAFA, this Court can have jurisdiction only if the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).[1]

## II.   Discussion

In his complaint, Plaintiff requests compensatory damages, interest, and declarations that Defendants have violated the law. In the "Jurisdiction and Venue" section of the

---

[1] Defendants have not argued the Court could exercise ordinary diversity jurisdiction in this case. Because the named Plaintiff's identified harm results from the allegedly inflated price of one electric guitar he bought, it is highly unlikely the jurisdictional threshold would be met as to him even if they were to do so.

complaint, Plaintiff also specifically and unambiguously disclaims recovery for any class member in excess of $74,999 and any recovery for the class as a whole in excess of $4,999,999:

> The amount in controversy as to Plaintiff and each individual member of the Proposed Class does not exceed Seventy-Four Thousand Nine Hundred Ninety-Nine Dollars ($74,999.00) each, exclusive of interest and costs; and Plaintiff disclaims compensatory damages, punitive damages, declaratory, injunctive, equitable or other relief greater than Seventy-Four Thousand Nine Hundred Ninety-Nine Dollars ($74,999.00) per individual Class member. Further, Plaintiff and members of the Proposed Class limit their aggregate class-wide claims for relief to less than Four Million Nine Hundred Ninety-Nine Thousand Nine Hundred Ninety-Nine Dollars ($4,999,999.00) and specifically disclaim compensatory damages, punitive damages, disgorgement, declaratory, injunctive, equitable or other relief greater than Four Million Nine Hundred Ninety-Nine Thousand Nine Hundred Ninety-Nine Dollars ($4,999,999.00).

Complaint, ¶ 19. It is well established a Plaintiff may sue for less than the amount he is entitled to, in order to avoid federal jurisdiction and remain in state court. *Lowdermilk*, 479 F.3d at 998–99.

Because Plaintiff has said he seeks less than the jurisdictional amount, *Lowdermilk* would ordinarily require Defendants to demonstrate to a legal certainty that the jurisdictional threshold is met. Defendants, however, argue the complaint's allegations are ambiguous, and cite *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696 (9th Cir. 2007). Defendants read *Guglielmino* as holding that the "legal certainty" standard is not applied where allegations in the complaint appear to conflict with a disclaimer. Defendants argue the disclaimer is therefore ineffective, and urge the Court to apply the "preponderance" standard.

Defendants also point out that, as in *Guglielmino*, the disclaimer does not appear in the prayer for relief. This is an empty distinction, however.[2] *Guglielmino* does not stand for the proposition that a disclaimer to be effective must appear in the prayer for relief. Rather, it merely requires the complaint to be unambiguous as to the value of relief sought before

---

[2] Defendants cite *Trahan v. U.S. Bank Nat'l Ass'n*, 2009 WL 4510140 (N.D.Cal., Nov. 30, 2009) as reading *Guglielmino* to require the disclaimer to appear in the prayer for relief. *Trahan* does not stand for this principle, however, but agrees with *Guglielmino* that the disclaimer be unambiguous as to the value of all relief sought. Defendants also cite *Lyon v. W. W. Grainger, Inc.*, 2010 WL 1753194 (N.D.Cal., April 29, 2010) for the same principle, but *Lyon* by its terms has no application at all to cases removed under CAFA, *id.* at *1–*2, and does not deal with a disclaimer at all.

the "legal certainty" standard will be applied. In *Guglielmino*, the complaint disclaimed most types of relief in excess of the jurisdictional amount but was silent as to other relief including attorney's fees and back payments of health benefits and taxes, which the plaintiff expressly sought. Because the court found the amount of relief sought ambiguous, it applied the "preponderance" standard.

Although Defendants argue the disclaimer is ambiguous and "delineates the relief to which it applies," (Opp'n to Motion at 5 n.2), it in fact unambiguously applies to <u>all</u> relief sought. Plaintiff has claimed relief of less than $75,000 per individual class member, and less than $5 million, and this applies to all relief sought, of all types ("or other relief"). The disclaimer implicitly recognizes Plaintiff and the class members might be entitled to a greater recovery than they are in fact seeking, but intentionally foregoes such relief, as they are entitled to do. *Lowdermilk*, 479 F.3d at 498–99. There is therefore no genuine conflict between the disclaimer and other allegations in the complaint.

Defendants argue Plaintiff might also be awarded attorney's fees as requested in the complaint, pushing the class's recovery above the jurisdictional amount. Under CAFA, attorney's fees may be counted if provided for by statute. *Lowdermilk*, 79 F.3d at 1000. Plaintiff points out the Tennessee Trade Practices Act, under which he is suing, does not provide for them. *See* Tenn. Code. Ann. § 47-25-106 (providing for remedies). And in any event an award of attorney's fees appears to fall within the category of "other relief" in the disclaimer.

Furthermore, unlike the plaintiffs in several other cases Defendants have cited, Plaintiff has not only alleged the amount in controversy is less than the jurisdictional amount; he has actually disclaimed recovery at or above the jurisdictional amount. Even if Plaintiff can show he and other class members would ordinarily be entitled to recover more, the complaint specifically avoids seeking such relief. Defendants might have relied on Tenn. R. Civ. P. 54.03 to show that Plaintiff could recover more than he sought in damages. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). However, they have specifically avoided making this argument and made clear they are not intending to rely on

1  it. (Opp'n to Motion at 8 n.5 ("Guitar Center did not cite or rely on that argument in its Notice
2  of Removal and does not advance it here.")) It may be that Defendants accept Plaintiff's
3  argument that this application of Rule 54.03 has been discredited. *See Bennett v. K Mart*
4  *Corp.*, 2008 WL 2511268 at *2 (M.D.Tenn., June 19, 2008) (citing authority).

   In short, this is not a case like *Guglielmino* where the plaintiff disclaimed recovery of certain forms of relief below the jurisdictional amount but then tacked on additional requests for relief that might have pushed the recovery above the threshold. While Plaintiff clearly could have sought more, the fact is he did not. Rather, as the complaint and Plaintiff's pleadings make clear, Plaintiff has disclaimed all recovery of any kind at or above the threshold level.

   The Court therefore applies the "legal certainty" standard, but as noted finds no reason to believe Plaintiff and the class will recover the jurisdictional amount or more. In fact, barring the type of excessive recovery identified in *Rogers,* the Court finds it legally certain Plaintiff and the class will not recover any more than they have requested.

### III. Request for Attorney's Fees

An award of attorney's fees under 28 U.S.C. § 1447(c) is discretionary. *Moore v. Permanent Med. Group, Inc.*, 981 F.2d 443, 446–47 (9th Cir. 1992). It is not punitive, but rather is intended to reimburse a plaintiff for unnecessary litigation costs. *Id*. Besides the request for attorney's fees in the complaint, Plaintiff in his motion for remand now seeks an award of fees for improper removal.[3]

While the Court rejects Defendants' reading of *Guglielmino*, other courts have emphasized the prayer for relief to a greater extent than this Court has. *See, e.g., Tompkins v. Basic Research, LLC*, 2008 WL 1808316 at *3 (E.D.Cal., April 22, 2008) (reading *Guglielmino* as focusing specifically on the contents of the prayer for relief in ascertaining whether the complaint alleges any amount in damages). Defendants' belief that the Court

///

---

[3] This request, which was made after removal and was not the object of Plaintiff's litigation, is not counted towards the jurisdictional amount.

Case 3:09-md-02121-LAB -POR   Document 43   Filed 07/02/10   Page 6 of 6

1  might rule in their favor on this basis, while incorrect, was not in the Court's view so
2  objectively unreasonable as to merit an award of fees.

### IV. Conclusion and Order

For these reasons, the Court finds Defendants have not met their burden of showing removal was proper. *Gaus*, 980 F.2d at 567. The Motion is therefore **GRANTED** and this action is **REMANDED** to the Chancery Court for Knox County, Tennessee. Plaintiff's request for attorney's fees is **DENIED**. The Clerk shall edit the docket of *In re: Musical Instruments and Equipment Antitrust Litigation*, 09md2121 to reflect this case's remand.

**IT IS SO ORDERED**.

DATED: July 2, 2010

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

- 6 -    10cv755