# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| IN RE: National Association of Music Merchants, Musical Instruments and Equipment Antitrust Litigation | MDL No. 2121<br><br>(USDC Case Nos. 09cv2002, 09cv2146, 09cv2151, 09cv2211, 09cv2267, 09cv2285, 09cv2332, 09cv2418, 09cv2423)<br><br>**ORDER SUMMARILY DENYING MOTION TO ALTER JUDGMENT** |
|---|---|

On August 20, 2012, the Court dismissed Plaintiff's claims under the Sherman Act and, pursuant to Fed. R. Civ. P. 54(b),[1] certified that issue for appeal. Supplemental state-law claims raised in some member cases were not adjudicated or certified for appeal.

On September 10, Plaintiffs filed a notice of appeal. Then on September 17, Defendants filed a motion to alter or amend the judgment. The motion argues that the Court should have adjudicated all issues, because they must fail if the Sherman Act claim fails. Implicit in this argument is the suggestion that the Court must adjudicate all claims, even claims particular to just a few member cases or arising under state law, rather than remanding to allow each district court to make that determination.

///

---

[1] The order included a typographic error identifying this as Rule 52(b) rather than 54(b).

The Court rejects the suggestion that the state law claims are necessarily coextensive with federal claims and therefore, for reasons of economy, clearly ought to be adjudicated now by this Court. In the end it might turn out that they are coextensive, but the Second Amended Complaint has pleaded them as having somewhat different parameters.[2] In any event, those claims are particular to only some of the member cases, and not to the member cases generally. It is not at all clear that this Court's adjudication of claims raised in some member cases but not others would be appropriate. *See* 28 U.S.C. § 1407(a) (providing for transfer of cases in order to promote the "just and efficient conduct of such actions" and for remand of cases or claims at any time after that); Manual for Complex Litigation, Fourth, § 20.133, pp. 225–26 (2004) (discussing issues to be considered when deciding whether claims should be remanded to transferor courts).

Furthermore, Plaintiffs' filing of the notice of appeal divested this Court of jurisdiction over the matters appealed. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58–59 (1982) (per curiam) (holding that filing of a notice of appeal divests district court of its control over those aspects of the case involved in the appeal). Even if altering the judgment to expand the scope of the matters appealed would be helpful to the Ninth Circuit, as Defendants argue, that is now beyond this Court's power.[3]

There is therefore no need to hold a hearing on these issue. The Court lacks jurisdiction to grant Defendants' request now, and will not regain jurisdiction until after the

///

---

[2] The Second Amended Complaint, in § 178, pleads a theory of recovery under California Bus. & Prof. Code §§ 17200 *et seq.* without reference to Sherman Act. And in § 187, it seeks recovery under Mass. G.L. 93A c. 93A, § 2(b) on theories that would not be cognizable under the Sherman Act, such as merely attempting to fix prices, or exchanging competitive information through the trade association. Whether these claims ultimately succeed is a different question. But, accepting the facts and law as stated in the SAC, these claims might succeed even if the Sherman Act claim fails.

[3] Defendants cite Ninth Circuit cases for the principle that a claim that is factually related to another claim cannot be certified for appeal under Rule 54(b) unless both are certified. But in the cases cited, once the appeal had been taken, the issue of whether the certification was proper was one for the Court of Appeals. *See Wood v. GCC Bend, LLC*, 422 F.3d 873, 883 (9th Cir. 2005) (reversing district court's Rule 54(b) certification). If, as Defendants argue, this Court erred in certifying only the Sherman Act claims for appeal, that is up to the Ninth Circuit to decide.

1  Ninth Circuit has completed its review of the Sherman Act claim, at which time Defendants'
2  request will be moot. The motion is **DENIED**.
3      **IT IS SO ORDERED.**
4
5  DATED: September 17, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN Burns**
United States District Judge